UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL J. STUART,

                Plaintiff,

    -against-

CLARENCE L. STUART, Jr., a/k/a "Butch," ESTATE
OF ELIZABETH M. STUART, PAMELA L. STUART,
JOHNATHAN A. STUART, a/k/a Jon Stu,

                Defendants.

**ORDER**

12-CV-1595 (NGG) (LB)

------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

    Michael J. Stuart, Ronald G. Stuart, and Sandra E Stuart request leave to proceed in forma pauperis ("IFP"). (See Docket Entries ## 2-4.) Because Ronald and Sandra are no longer plaintiffs in this action, their IFP applications (Docket Entries ## 3-4) are DENIED. Michael's application (Docket Entry # 2) is GRANTED for the purposes of this order, but the Complaint is DISMISSED for failure to state a claim upon which relief can be granted.

    When a plaintiff proceeds IFP, a district court must dismiss all claims that clearly fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

    Even after reading the Complaint liberally, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006), the court concludes that Stuart's claims fall within the so-called "probate exception" to federal subject matter jurisdiction.

    "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." Marshall v. Marshall, 547 U.S. 293, 311 (2006). The dispute here concerns the distribution of Lucille Benjamin Stuart's estate;

1

specifically, the estate's interest in a piece of real property located in Queens, New York. (See Am. Compl. (Docket Entry # 15) at 1, 4-6.) Michael Stuart alleges that his brother seized control of his Lucille's house after her death and, contrary to terms of her will, used the property for his and the other defendants exclusive benefit. (See id.) These claims sound in state probate law, and, as such, the court is without jurisdiction to decide them.

The Complaint is DISMISSED. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
October 9, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

2